# Graul Unemployment Compensation Case.

Argued October 1, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Maurice R. Metzger,* with him *Metzger & Wickersham,* for appellant.

*R. Carlyle Fee,* Assistant Special Deputy Attorney General, with him *Charles R. Davis,* Special Deputy Attorney General, and *James H. Duff,* Attorney General, for appellee.

OPINION BY BALDRIGE, P. J., October 30, 1946:

The sole question in this unemployment compensation case is whether mailing of notice of the decision of the Bureau of Employment and Unemployment Compensation of the Department of Labor and Industry to the store of the appellant, S. S. Kresge Company, at Reading, Pennsylvania, instead of its home office at Detroit, Michigan, was in compliance with section 501 (e) of our Unemployment Compensation Law.

That section, as amended, by section 11 of the Act of May 29, 1945, P. L. 1145, 43 PS §821, reads in part as follows: "Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within ten (10) calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith."

It is not contended that there was a service of personal notice; the bone of contention is whether a notice was mailed to the employer's "last known post office address."

The pertinent facts may be stated as follows. On November 15, 1945, the bureau decided that Hazel M. Graul's refusal to accept S. S. Kresge Company's offer of reemployment because of a health condition, did not disqualify her from receiving benefits. The bureau on the same day filed notice of its decision to appellant's

store at Reading, Pennsylvania, where claimant had been employed and it was there that her claim for compensation arose. The employer took no action for fourteen days, to wit, November 29, 1945, when it forwarded to the bureau its appeal petition. The referee scheduled a hearing for January 7, 1946, at Reading, Pennsylvania, and notice of the time and place thereof was sent to the appellant at its Reading store. The appellant failed to appear or offer evidence. The referee rendered a decision on January 17, 1946, dismissing the appeal on the ground that it was not taken within the 10 day period described by section 501 (e), supra. The S. S. Kresge Company on January 25, 1946, appealed from the referee's decision to the Board of Review and alleged that the original appeal of November 29, 1945, was filed within the statutory period of ten days after notice of the bureau's action was mailed to the proper post office address of appellant, its home office in Detroit, Michigan, or "last known post office address" within the meaning of the statute; that the department's mailing of notice to the company's retail store in Reading was not in compliance with the act.

Hearing of this appeal was scheduled to be heard by the Board of Review on February 19, 1946, at Philadelphia and notice thereof was sent by the secretary of the Board of Review to the appellant at its Detroit, Michigan, address. Appellant again failed to appear or present any evidence. The Board of Review affirmed the referee's decision. This appeal followed.

Notwithstanding the appellant did not appear at any hearing, it filed a petition sur diminution of the record to have included therein certain correspondence between it and the Department of Labor and Industry. Objection was made by the Board of Review as the correspondence was never introduced in evidence and was not part of the record and no order was made granting the petitioner's prayer. The appellant lays stress on a

sticker, printed in red ink, attached to its letterhead, which first appeared on a letter of January 25, 1946, and reads as follows: "Send mail to us at 2727 2nd, Detroit 32, Mich. and not to our retail stores." That date was long after time of the hearing and the time for taking an appeal. Even assuming that these letters upon which the appellant mainly relies, as showing the home office of appellant as Detroit, Michigan, should be given consideration, we are of the opinion that the notice of the bureau was in compliance with the statute.

This employer has sixty-eight retail stores in various centers of population throughout this commonwealth, so there is no question that jurisdiction may be obtained over it in civil suits by service of summons upon the manager of any one of its stores in the state: *Shambe v. Delaware & Hudson R. R. Co.*, 288 Pa. 240, 135 A. 755. Rule 2180 of our Rules of Civil Procedure (Corporations and Similar Entities as Parties), Goodrich-Amram, provides that service of process may be made upon the agent or person for the time being in charge of any office or usual place of business of the corporation.

The situation before us is not identical to the service of process in an ordinary civil action, but the analogy between a proper service on foreign corporations in a civil action and the service in this proceeding is close and helpful in solving the present problem.

Counsel for the appellant asserts that all legal matters were handled at appellant's central office in Detroit, and that it would be a great inconvenience if a service made on local managers would be regarded as legal. The question of the most convenient manner for the employer to receive notice of service of legal process is one of internal management, with which we are not concerned. Our problem is to interpret the statute and not to determine what the practice of the parties has been, or should be. The reasonable interpretation of the statute and one consistent with the general principles governing the

service of process upon foreign corporations doing business within this state, warrants our holding that the mailing of notice in this case to the Reading store of appellant, where claimant was employed and out of which employment the claim for compensation arose, was mailing of notice to "the last known post office address" of the appellant within the meaning of the statute. The original appeal from the bureau's rule was not taken in time and the rule of the administrative authorities dismissing that appeal must be affirmed.

The order of the Board of Review is affirmed at appellant's costs.