Gollier Unemployment Compensation Case.

Gollier, Appellant, *v.* Unemployment Compensation Board of Review

Argued November 14, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Louis Vaira,* with him *Eugene A. Caputo,* for appellant.

*R. Carlyle Fee,* Assistant Special Deputy Attorney General, with him *T. McKeen Chidsey,* Attorney General, and *Charles R. Davis,* Special Deputy Attorney General, for appellee.

OPINION BY DITHRICH, J., January 8, 1948:

Claimant appellant originally filed an application for unemployment compensation benefits January 21, 1946. On June 14, 1946, the Bureau of Employment and Unemployment Compensation issued its decision denying claimant compensation on the ground that he was disqualified under section 402 (b) of the Unemploy-

ment Compensation Law. On June 17, claimant appealed from the decision of the bureau and on August 2, 1946, after a hearing on the appeal, M. J. Muldowney, the referee to whom it had been referred, reversed the decision of the bureau and allowed the claim. *No appeal was taken from the decision of the referee.*

On January 21, 1947, exactly one year from the filing of the original application, claimant filed a second application for benefits based on the same separation from employment as that involved in the first application. On February 17, 1947, the bureau again decided that claimant had left his employment voluntarily without good cause, and again disallowed his claim. Claimant once again appealed from the decision of the bureau and this time his appeal was referred to a referee, other than the one who had heard the first appeal, and this time the decision of the bureau was affirmed. On appeal by claimant to the Board of Review, the decision of the referee was affirmed and claimant then filed this appeal. The prior unappealed from decision of Referee Muldowney was not brought to the attention of the unemployment compensation authorities who passed on the second appeal until after the Board of Review had handed down its decision May 14, 1947. It was then brought to the attention of the board by a letter from counsel for appellant requesting that the prior decision be made part of the record on this appeal. The request was complied with.

The right of claimant to benefits in two benefit years, based on the same separation from employment, is not questioned, and it is now too late to raise the question of whether or not claimant had "good cause" for leaving his employment. We have no doubt that his claim would have been allowed by the Board of Review if it had been apprised of the decision of Referee Muldowney, unappealed from in the first benefit year, before it issued its decision in the second benefit year. Why a new claim was filed under a new number and without

any reference to the prior decision does not appear from the record, but claimant was not represented by counsel and, as stated by this court in *Layton v. Unemployment Compensation Board,* 156 Pa. Superior Ct. 225, 230, 40 A. 2d 125, "Claimants in these cases are not usually represented by counsel and are not conversant with intricate rules of procedure."

That the prior decision of Referee Muldowney, unappealed from, is final and decisive of the questions involved in this appeal, is abundantly clear from the plain provisions of the law:

"Any decision made by the department or any referee or the board shall become final ten days after the date thereof, unless appealed from, as hereinbefore provided; . . .

"Subject to appeal proceedings and judicial review as provided in this act, any right, fact or matter in issue which was directly passed upon or necessarily involved in any decision of a referee or the board . . . and which has become final shall be conclusive for all purposes of this act . . .": Unemployment Compensation Law of 1936, P. L. (1937) 2897, §509, as amended, 43 PS 829.

Decision reversed.