Oravec Unemployment Compensation Case.

Argued April 15, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Edward J. Oravec,* appellant, in propria persona, submitted a brief.

*William L. Hammond,* Special Deputy Attorney General, with him *Robert E. Woodside,* Attorney General, for appellee.

OPINION BY GUNTHER, J., July 17, 1952:

Edward J. Oravec, appellant, filed an initial application for unemployment compensation benefits in June, 1950, and the department determined that he was eligible for the period July 14 to December 15, 1950. Claimant's employer did not appeal the decision of the department, and claimant was paid for the period named. On June 6, 1951, without any intervening employment, claimant filed a second benefit year application in Detroit against the Commonwealth of Pennsylvania. The employer protested this claim and a hearing was held before a referee who denied compensation. The board affirmed the referee on November 14, 1951. Claimant now contends that the decision of the department on the first application was res judicata of the question whether he was "laid off" or voluntarily quit his employment.

Section 401(c) of the Unemployment Compensation Law[1], clearly contemplated that a claimant must make separate applications for compensation for each benefit year. The initial decision thereon is made by the department and such decision is final if not appealed within a specified time. Section 501 of the Unemployment Compensation Law, 43 PS §821. However, the finality referred to in §§501 and 509 of the Act refers only to a decision to pay or not to pay compensation for a particular benefit year. Section 509 clearly differentiates between the conclusiveness of decisions of the department and decisions of referees or the Board of Review. "Any decision made by the department or any referee or the board shall become final ten days after the date thereof, unless appealed from, as hereinbefore provided; . . . Subject to appeal proceedings and judicial review as provided in this act, any right, fact or matter in issue which was directly passed upon or necessarily involved in any decision of a *referee* or the *board* or the Superior Court and which has become final shall be conclusive for all purposes of this act and shall not be subject to collateral attack as among all affected parties who had notice of such decision". (Italics supplied) Cf. *Gollier v. Unemployment Compensation Board of Review*, 162 Pa. Superior Ct. 136, 56 A. 2d 351. The omission from Section 509 of the decisions of the department in the above quoted portion of the Unemployment Compensation Law clearly implies that facts which were passed upon by the department alone were not to be clothed with the conclusiveness of decisions by a referee or the board. Moreover, basic principles of res judicata forbid a unilateral decision such as was made by the department in June,

---

[1] Act of December 5, 1936, P. L. (1937) 2897, art. IV, §401(c), as last amended by the Act of May 23, 1949, P. L. 1738, §10, 43 PS §801.

1950, from becoming conclusive. "A judgment, to be conclusive in a subsequent suit on the same cause of action between the same parties, must have been on the merits of the case": *Moore v. Schell,* 99 Pa. Superior Ct. 81, 84; *Fleming v. Strayer,* 367 Pa. 284, 80 A. 2d 786; *Reiter v. Reiter,* 159 Pa. Superior Ct. 344, 48 A. 2d 66. The initial decision of the department based solely on the application of claimant for benefits was not a hearing on the merits but was purely a unilateral determination based on *ex parte* evidence of the claimant alone. The failure of the employer to appeal the decision within ten days caused such decision to become final for the duration of the benefit year. That finality does not, however, preclude a contest on a second benefit year application.

There is also, substantial, credible evidence to support the board's findings that claimant, aged 65, terminated his employment on June 30, 1950, in order to apply for a miner's pension and Social Security benefits; that he was physically able to continue in his employment had he so desired and was not prevented from continuing to do so by any action of his employer; that he voluntarily quit his employment without good cause.

Decision affirmed.