## Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania v. Thomas Ferraro, Appellant.

Argued October 30, 1975, before President Judge BOWMAN and Judges ROGERS and BLATT, sitting as a panel of three.

*David B. Washington,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by President Judge Bowman, December 11, 1975:

Appellant initially applied for unemployment compensation benefits in January of 1973. The Bureau of Employment Security (Bureau) denied the claim on the basis of Sections 401(d) and 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P. S. §§801(d), 802(b)(1) (Act). Following a hearing, the referee came to a similar conclusion. The Unemployment Compensation Board of Review (Board), in a decision allegedly mailed to the appellant on June 25, 1973, affirmed the referee and denied the claimant benefits. There was no appeal from this determination, although the appellant asserts he did not receive the Board's original notice and was unaware of the decision until he contacted the Board over thirty days after the decision had been rendered.

On August 27, 1973, the appellant reapplied for unemployment benefits on the basis of the same separation which had earlier been rejected. The Bureau found appellant ineligible under Section 401(f)(1) of the Act, 43 P. S. §801(f)(1). An appeal was filed on August 27, 1973. After a hearing, by opinion dated September 27, 1973, the referee denied appellant's claim on the authority of Section 509 of the Act, 43 P. S. §829. The Board affirmed the referee's determination and it is this decision that is now on appeal to this Court.

Section 509 provides, in pertinent part:

"Any decision made by the department or any referee or the board shall become final ten days after the date thereof, and shall not be subject to collateral attack as to any application claim or claims covered thereby or otherwise be disturbed, unless appealed from, as hereinbefore provided; but any decision of the board or of a referee, where an appeal has been disallowed by the board, shall nevertheless be subject to appeal to the Court after the same has become final.

"Subject to appeal proceedings and judicial review as provided in this act, any right, fact or matter in issue which was directly passed upon or necessarily involved in any decision of a referee or the board or the Court and which has become final shall be conclusive for all purposes of this act and shall not be subject to collateral attack as among all affected parties who had notice of such decision. . . ."

Absent fraud or wrongful or negligent conduct by the Board, the statutory appeal time limits cannot be waived. *Di Francis v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 514, 333 A.2d 202 (1975) ; *Kitchell v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 149, 305 A.2d 728 (1973). Appellant would find the necessary negligence in the alleged failure of the administrative authorities to send notice, thus depriving the claimant of his right to appeal. However, the evidence does not necessarily require this factual finding. The record reveals a notice dated as mailed to the appellant on June 25, 1973, and the testimony of the appellant that he did not receive the notice. Even if notice were to be calculated from the date in August of 1973, when appellant admits receiving actual notice, the time for appeal would have run and the original determination remains unappealed.

The initial claim application of appellant brought into question his eligibility for unemployment benefits from the separation now in issue. The facts determinative of eligibility were directly decided in the earlier claim and cannot be attacked by the appellant who was also the applicant in the earlier case. The original determination is res judicata with respect to appellant's subsequent claims postulated on the same facts. *Gollier Unemployment Compensation Case,* 162 Pa. Superior Ct. 136, 56 A.2d 351 (1948).

Neither the merits of the claim nor even the ability of the appellant to now attack the original denial of his

unemployment compensation benefits is now in issue. The question now before the Court is the finality of an unappealed decision of the Board. Appellant's collateral efforts to overcome a failure to timely appeal must fail.

Accordingly, we enter the following

ORDER

Now, December 11, 1975, the order of the Unemployment Compensation Board of Review, dated February 21, 1974, disallowing the appeal of Thomas Ferraro, is affirmed.