Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Sandra Esposito, Appellant.

Argued May 7, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Michael Saltzburg,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, June 25, 1976:

Claimant received unemployment compensation benefits during the first benefit year based on a determination of eligibility by the Bureau of Employment Security (Bureau). The reason for her unemployment given on her application was non-availability of work from her former employer. The application was sent to her former employer and it was returned by the employer not contesting the application and stating that the claimant worked on an on-call basis.

At the conclusion of the first benefit year, claimant reapplied for a second benefit year. This time the employer protested that the claimant had voluntarily quit. The Bureau denied second-year benefits and this decision was sustained by the referee and the Unemployment Compensation Board of Review (Board) after a second hearing. This appeal followed.

The appellant raises two arguments:

(1) The Bureau's determination of eligibility for the first benefit year, unappealed, is conclusive and final on the issue of eligibility.

(2) The decision on voluntary quit is not supported by the evidence.

*Oravec Unemployment Compensation Case,* 171 Pa. Superior Ct. 491, 90 A.2d 269 (1959), is dispositive of the first issue and compels affirmance of the Board. While able counsel for appellant presents a well-reasoned argument contra and would have us disregard *Oravec,* or at least limit it to its facts, we are not constrained to do so. The statute seems quite clear that with regard to the first benefit year, the determination of the Bureau, referee, or Board, unappealed, is final. Nevertheless, its seems equally clear that with regard to all matters under the Unemployment Compensation Law, Act of December 5, 1936, Second Exec. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §751 et seq., including the first and second benefit

years, only the unappealed decisions of the referee and the Board are final.

"However, the finality referred to in §§501 and 509 of the Act, refers only to a decision to pay or not to pay compensation for a particular benefit year. Section 509 clearly differentiates between the conclusiveness of decisions of the department and decisions of referees or the Board of Review." *Oravec, supra,* 171 Pa. Superior Ct. at 493, 90 A.2d at 270.

With regard to the second argument, the record does contain ample support of the Board's findings. Appellant argues that the testimony of the employer is not credible or it would have been given at the time of the application for the first benefit year. It is too clear to need citation of authority that the credibility of the testimony is for the finder of the fact, not an appellate court.

Accordingly, we enter the following

ORDER

Now, June 25, 1976, the order of the Unemployment Compensation Board of Review, dated October 29, 1975, denying benefits, is affirmed.

Judge KRAMER did not participate in the decision in this case.