Matthew A. McConnell, III, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 16, 1979, before Judges MENCER, DISALLE and CRAIG, sitting as a panel of three.

*Michelle R. Terry*, with her *Nathaniel C. Nichols*, for petitioner.

*Gary J. Marini*, Assistant Attorney General, with him *Richard Wagner*, Assistant Attorney General and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE MENCER, January 16, 1980:

In this unemployment compensation appeal, Matthew McConnell (claimant) asks us to reconsider the decision in *Oravec Unemployment Compensation Case*, 171 Pa. Superior Ct. 491, 90 A.2d 269 (1952), wherein the Pennsylvania Superior Court held that a determination of eligibility by the Office of Employment Security (Office) which is not appealed is not conclusive as to the employer on the issue of eligibility for subsequent benefit years for which the claimant makes application,[1] despite the fact that the eligibility question rests on the same set of circumstances. We find, as did the Unemployment Compensation Board of Review (Board), that *Oravec* controls this case and affirm.

Claimant was granted benefits by the Office and the employer did not appeal. When claimant applied for benefits for a second benefit year, the employer

---

[1] Section 401(c) of the Unemployment Compensation Law (Law) Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(c), provides that a claimant must reapply, *i.e.*, file a new claim, for benefits for each succeeding benefit year.

appealed the Office's redetermination of eligibility. The referee found that claimant was ineligible, on the basis of Section 402(b)(1) of the Law, 43 P.S. §802 (b)(1) (voluntary termination), and, on appeal, the Board found he was ineligible under Section 402(e) of the Law, 43 P.S. §802(e) (willful misconduct).

Claimant argues that the employer should be precluded from collaterally attacking the eligibility determination made by the Office in connection with his initial claim despite the holding in *Oravec.*

The Superior Court, in *Oravec,* reasoned that Section 509 of the Law, 43 P.S. §829, provides that the *Office's* decision as to a claim for benefits is not final and conclusive as to a separate claim for a subsequent benefit year[2] and that principles of res judicata are inapplicable to unilateral ex parte decisions such as those made by the Office.

Claimant's contention that the decision of the Office is based upon information supplied by both the claimant and employer and is therefore an adjudication on the merits requiring the application of principles of res judicata will not stand. An essential inquiry, in determining the application of res judicata, is whether the issues have been decided "in a prior proceeding in which the present parties had an opportunity to appear and assert their rights." *Callery v. Blythe Township Municipal Authority,* 432 Pa. 307, 312, 243 A.2d 385, 387 (1968). The Office's decision generally, as in this case, does not meet that standard.[3]

---

[2] The court noted that, under Section 509 of the Law, the decision of the referee or Board *is* final and conclusive as to such succeeding claims.

[3] Collateral estoppel is likewise inapplicable because it may be asserted only where there has been "a full and fair opportunity to litigate the issue in question in a prior action." *See Safeguard Mutual Insurance Co. v. Williams,* 463 Pa. 567, 574, 345 A.2d 664, 668 (1975).

This criterion is met by the proceeding before the referee, see Section 502 of the Law, 43 P.S. §822, and therefore provides the basis for distinguishing the finality to be accorded the Office's decision and that of the referee as found in Section 509 of the Law.

*Oravec*, therefore, is controlling and is in accord with our decisions. *See Lentz v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 544, 402 A.2d 1127 (1979); *Unemployment Compensation Board of Review v. Esposito*, 25 Pa. Commonwealth Ct. 316, 360 A.2d 815 (1976).

ORDER

AND Now, this 16th day of January, 1980, the order of the Unemployment Compensation Board of Review, dated July 28, 1978, denying unemployment compensation benefits to Matthew A. McConnell III, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.

