Robert Dandy, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 7, 1980, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Andrew F. Erba,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, June 10, 1980:

Robert Dandy (claimant) appeals here from adverse decisions of the Office of Employment Security, a referee and the Unemployment Compensation Board of Review (Board) as to his request for unemployment benefits.

The claimant was last employed by the Diagnostic Rehabilitation Center in Philadelphia as a client-aide, his primary duty being to assist alcoholics in the rehabilitation program offered at the center. He worked daily from 11:30 P.M. until 7:30 A.M. and his workload had been increased when the staff was reduced shortly before the termination of his employment. All of the compensation authorities determined that he was ineligible for benefits because he

had voluntarily left his work without cause of a necessitous and compelling nature.[1] He now contends, however, that health reasons justified his leaving and, although he did not advance this justification at the referee's hearing, he asks us to remand his case to the Board for the presentation of ''newly obtained evidence.''

It is clear that, when the decision of the Board is against the party with the burden of proof, we are limited to a determination of whether or not the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Unemployment Compensation Board of Review v. Cooper,* 25 Pa. Commonwealth Ct. 256, 360 A.2d 293 (1976). It is also clear that we cannot order a remand in the absence of a conclusion that the Board failed to make findings necessary to resolve the issues which were raised by the evidence and which are relevant to a decision.[2] *See Wenrich v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 186, 382 A.2d 1303 (1978). Here the referee concluded that the claimant left work because he was dissatisfied with his working conditions, and there is ample testimony in the record to support such a finding. If the claimant had health reasons to advance as to his justification for leaving his duties,

---

[1] Pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

[2] In any event it is our opinion that the "newly discovered evidence" offered by the claimant would not change the result. The evidence, consisting of an employer's affidavit and a physician's report fail to establish that adequate health reasons existed at the time of his termination to justify it as required by *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977).

he had every opportunity to produce supporting evidence at the hearing.

The order of the Board will therefore be affirmed.

### Order

And Now, this 10th day of June, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.