Connie M. Osborne, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 1, 1982, before Judges MENCER, BLATT and DOYLE, sitting at a panel of three.

*Jeffrey Ledbetter,* with him *Charles A. Bierbach,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, March 18, 1982:

This is an appeal by Connie M. Osborne (Claimant) from a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Law)[1] and the establishment of a non-fault, recoupable overpayment under Section 804(b).[2] We affirm.

The facts herein are undisputed. Claimant filed for, and received, unemployment compensation benefits for the weeks ending August 11, 1979, through October 13, 1979. Because of inadequate earnings on two subsequent jobs,[3] Claimant's chargeable employer for the purpose of receipt of these benefits was Empire Kosher Poultry Company (Empire) whose employ she had left on July 9, 1979. On October 23, 1979, the Bureau (now Office) of Employment Security issued a determination denying benefits to Claimant. Claimant disputed this denial and a referee's hearing was held. Following the hearing, the referee issued a decision up-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. 1937 (2897) as amended, 43 P.S. §802(b)(1) provides, inter alia, that a Claimant who voluntarily terminated his employment without cause of a necessitous and compelling nature is disqualified from receiving unemployment compensation benefits. Pursuant to Section 13 of the Act of July 10, 1980, P.L. 521, Section 402(b)(1) is now Section 402(b) of the Law, 43 P.S. §802(b).

[2] Section 804(b) of the Law, 43 P.S. §874(b), provides that any claimant who receives, through no fault of his own, benefits to which he is not entitled, shall not be liable for repayment but shall be liable to have such sum deducted from future compensation payable to him in that benefits year or for a three year period immediately thereafter.

[3] Section 401(f) of the Law, 43 P.S. §801(f) requires that, for a claimant who has left a job under circumstances which would disqualify him for benefits to be eligible based on the circumstances of his separation from subsequent employment, the claimant must have received as remuneration for his services an amount at least six times his weekly benefit rate.

holding the benefits denial on the grounds that Claimant had voluntarily quit her job at Empire without cause of a necessitous and compelling nature. Since Claimant had not misinformed or misled the compensation authorities in order to receive the benefits paid up until the October 23, 1979, denial, the referee also determined that the establishment of a non-fault recoupable overpayment was proper. Claimant appealed and the Board, without taking any new evidence, issued a decision affirming the referee.

Before this Court, Claimant does not challenge the findings of fact below or the holding that she voluntarily quit her employment with Empire. Instead, she asserts that it was improper for the Board to use the circumstances of her separation from employment with Empire as the basis for denying benefits in the benefits year in question because Empire failed to file a timely appeal of the initial benefits payments. We disagree.

Section 501(e) of the Law[4] provides that

[u]nless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

Section 509 of the Law[5] states that

---

[4] 43 P.S. §821(e).

[5] 43 P.S. §829.

> Any decision made by the department or any referee or the board shall not be subject to collateral attack as to any application claim or claims covered thereby or otherwise be disturbed, unless appealed from.
>
> Subject to appeal proceedings and judicial review, any right, fact or matter in issue which was directly passed upon or necessarily involved in any decision of a referee or the board or the Court and which has become final shall be conclusive for all purposes of this act and shall not be subject to collateral attack as among all affected parties who had notice of such decision.
>
> . . .

These appeal provisions are mandatory. Thus, where an employer has received notice of a determination that a former employee is eligible for unemployment compensation and fails to take a timely appeal therefrom, that determination is conclusive as to that employer for the benefits year in question and also is not subject to a collateral attack. *McConnell v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 516, 409 A.2d 1196 (1980); *Oravec Unemployment Compensation Case,* 171 Pa. Superior Ct. 491, 90 A.2d 269 (1952). Only where the employer proves that it was deprived of its "right to appeal by fraud or its equivalent, *i.e.* wrongful or negligent conduct by the administrative authorities" will a late appeal from a determination of eligibility be considered effective. *Effort Foundry, Inc. v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 356, 361, 415 A.2d 1263, 1265 (1980).

Accordingly, if a determination of eligibility had provided the basis for the payment of benefits to Claimant commencing in August, 1979, this Court would be bound to agree with Claimant that the circumstances of her separation from Empire could not

382

form the basis for a determination of ineligibility some four months later. A careful review of the record, however, does not reveal any such determination, nor evidence that one was made. Rather, it is evident that, despite the fact that Claimant was receiving benefits, there *was no* formal determination of eligibility until that issued October 23, 1979, denying benefits. As that determination was the *initial* formal determination herein, we must hold that it was proper for the referee to consider the circumstances of Claimant's termination of employment with Empire in determining eligibility for the benefits year in question and enter the following

### ORDER

Now, March 18, 1982, the decision and order of the Unemployment Compensation Board of Review, No. B-180666, dated February 8, 1980, is hereby affirmed.