512 A.2d 772

Mary Kuna, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 15, 1986, before Judges MACPHAIL and COLINS, and Senior Judge ROGERS, sitting as a panel of three.

*Henry C. Markofski,* for petitioner.

No appearance for respondent.

*Mary Theresa Gardier,* with her, *Joseph A. O'Brien, Oliver, Price & Rhodes,* for intervenor, Mercy Hospital.

OPINION BY JUDGE MACPHAIL, July 14, 1986:

Mary Kuna (Petitioner) appeals from an order of the Unemployment Compensation Board of Review (Board) which denied her benefits. We affirm.

On May 25, 1984, a referee's decision was issued which denied Petitioner benefits under Sections 401(d)(1) and 402(b) of the Unemployment Compensation Law (Law).[1] The Board affirmed the referee's decision. Petitioner then appealed the Board's affirmance to this Court.[2] On January 28, 1985, without any argument in the case being made to this Court, Petitioner's attorney and the Acting Deputy Chief Counsel of the Board entered into a stipulation to the effect that the appeal be remanded to the Board for the taking of additional testimony. By order dated February 7, 1985, this Court remanded the case to the Board "for the purpose of taking additional testimony and reconsidering its order in the claim of Mary Kuna for unemployment benefits, and thereafter to issue a new decision as it shall deem proper and necessary. . . ." The order reserved Petitioner's right to appeal the new decision to this Court.

On February 13, 1985, the Board remanded the case to the referee for the taking of additional testimony. The Board, after reviewing the newly taken testimony, denied benefits once again on May 13, 1985. It is Petitioner's appeal from this denial which we now address.

Petitioner's counsel argues that the case should be remanded once again so that more testimony can be taken. He makes this argument on the basis of the fact that the Notice of Hearing on Board Appeal, which was mailed to Petitioner, her employer and her employer's counsel giving them notice of the remand hearing before the referee, was not mailed to him. He also asserts that the Board acted improperly in denying his request for a continuance so that he could properly

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended*, 43 P.S. §§801 and 802.

[2] This original appeal was docketed at No. 2357 C.D. 1984.

prepare the case, presumably because lack of notice prevented him from doing so. We cannot agree that the case must be remanded.

This Court may override a referee's refusal to grant a continuance in an unemployment compensation case only if there has been clear showing of an abuse of discretion. *Steadwell v. Unemployment Compensation Board of Review*, 76 Pa. Commonwealth Ct. 439, 463 A.2d 1298 (1983). The question facing us now is whether the referee abused his discretion in failing to grant the continuance in light of the fact that notice of the hearing was sent to Petitioner but not to Petitioner's counsel.

The pertinent Board regulation reads as follows:

### §101.85 Notice of appeal hearing.

(a) The tribunal by which the appeal is to be heard shall schedule the appeal promptly for hearing and give at least seven days' notice of the hearing to the parties, their counsel *or* duly authorized agent, specifying the date, hour and place of hearing and specific issues to be covered at the hearing.

34 Pa. Code §101.85(a) (emphasis added). The language of the regulation is in the disjunctive. The only sound conclusion is that the Board's regulation requires only one notice to be sent by the Board, either to the party or his counsel or his agent.[3]

---

[3] This Court noted in *Lentz v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 544, 402 A.2d 1127 (1979), that the notice requirements of 34 Pa. Code §101.85 are inconsistent with those found in 34 Pa. Code §101.53 and 34 Pa. Code §101.89. *Lentz* at 547-48 n.2, 402 A.2d 1129 n.2. There is language in *Lentz* suggesting that the regulations be re-examined to remedy the inconsistencies. This has not been done, therefore we are left to apply the plain meaning of 34 Pa. Code §101.85(a) to this case.

Petitioner has cited no authority which would indicate that Petitioner had a constitutional right to have his counsel notified of the hearing. We cannot imagine any such authority existing. The Board's regulation does comport with principles of due process in that it does assure that notice of a hearing will be given in a manner likely to be effective.

Another Board regulation governs the granting of continuances:

### §101.23. Continuance of hearing.

(a) Continuance of a hearing shall be granted only for proper cause and upon such terms as the tribunal may deem proper. The inability of a *party* to attend a hearing because *he* received less than 7 days notice shall be deemed proper cause for continuance of a hearing.

(b) Within the discretion of the tribunal, a continuance shall not, however, be granted merely because of the absence of a witness, unless it appears that the testimony and evidence he could give would be competent and relevant to the issues involved and that such information is *essential* to a proper determination of the case.

34 Pa. Code §101.23 (emphasis added).

We would note two items with respect to this regulation. First, as to subsection (a), there was no showing that the party, Petitioner, received less than 7 days notice of the hearing. In fact, the record indicates that notice of the March 18, 1983 hearing was mailed to Petitioner on March 5, 1985.

As to subsection (b), Petitioner's counsel maintains that he was unable to do the necessary work to prepare witnesses due to the lack of notice to him. However, he has made no showing that such testimony would be "competent and relevant." Further, he has not shown

that such testimony is "essential." Petitioner is averring that her voluntary termination was justified on the basis of health problems. Our Supreme Court has ruled that, in such cases, often all that is required for a claimant to meet her burden of proof is her own testimony and supporting documents that health problems justified her voluntary termination. *Steffy v. Unemployment Compensation Board of Review*, 499 Pa. 367, 453 A.2d 591 (1982).

We conclude that Petitioner was not entitled to a continuance and the case need not be remanded. We must, therefore, go on to discuss the merits of the case.

Petitioner admits that she voluntarily quit her job, but she claims she quit for health reasons of a necessitous and compelling nature. Where a claimant is claiming such, she has the burden of proof of establishing that there are indeed necessitous and compelling reasons. *Donaldson v. Unemployment Compensation Board of Review*, 91 Pa. Commonwealth Ct. 366, 368 n.2, 496 A.2d 1370, 1371 n.2 (1985); Section 402(b) of the Law, 43 P.S. §802(b). Where, such as here, the party with the burden of proof does not prevail before the Board, our scope of review is limited to determining whether or not findings of fact are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *Dandy v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 131, 415 A.2d 452 (1980).

Petitioner avers that the Board's decision is based on three erroneous findings of fact: (a) that Petitioner was not available for suitable work after she quit her job, (b) that Petitioner failed to inform her employer of her health problems prior to termination and (c) that the employer offered the claimant work at a less stressful position. Because of our disposition of the case, we need

only examine whether the first of these findings can be sustained without a capricious disregard of competent evidence.

The relevant period we must look to is from the date Petitioner quit, September 6, 1983, until the last day of the last claim week listed on the Notice of Determination from the Office of Employment Security, May 28, 1984. In support of a finding that Petitioner was not available for suitable work is a physician's certification dated April 27, 1984 to the effect that Petitioner was not able to accept employment as of April 8, 1984 due to her severely upset emotional state. The doctor who filled out the certification, Dr. Gerald P. Gibbons, Jr. of Pittston, Pennsylvania, listed the disability as diabetes and depression and recommended that Petitioner see a psychiatrist.

As for the Petitioner's testimony on this issue, it was, to say the least, somewhat confused. At the first hearing of May 22, 1984, Petitioner was asked about her activities immediately after she quit:

> From the time, no, I just stayed home. I kept myself, trying to forget what happened. I tried to get myself in order, trying to find out, is it me? Is it my medicine? Is it my diabetes? I didn't know what was going on. After the stress finding—it's not me. So, then I went to Dr. Gibbons and that was (inaudible). In October, I went to—it was October, I went to—it was October I went to the stress.[4]

Petitioner was then asked if she had been able to work at all since she left her job. The following exchange took place between Petitioner and the referee:

---

[4] Notes of Testimony before Referee Joseph F. Bewick, May 22, 1984 (N.T.) at 6-7.

AC: I've been doing things around the house. You know, I have not been able—I've been trying to get myself on the right track. I've been trying to get myself coordinated. I went for a job in—on Sans Souci Parkway and also in Scranton, the Allied Services. I wasn't able to—

QR: You're still not—you still don't think you can go to a job every day?

AC: Right now?

QR: Yes. Today.

AC: I'm feeling better. I'm feeling better, and I'm getting on the right track. The only thing is my diabetes probably has to be regulated over, but, as far as my diabetes, it's getting under control, and it should be pretty good. I can show you some papers on it, but—[5]

Later, Petitioner was asked by her employer's attorney if her Doctor had changed his determination of April 8, 1984 that she should not work. She replied:

No, not until I go back to him. But this whole thing—if I can get this straightened out, I'll feel a whole lot better. (Inaudible) every little thing comes up, I have to be careful to see what effect it has on me.[6]

At the second hearing, Petitioner admits that she was not available for work at the time she quit.[7]

We believe that Petitioner's testimony as a whole supports the conclusion that she was not available for work during the relevant period. The certification by Dr. Gibbons lends further support. There was no competent evidence presented at either hearing that Petitioner was available for suitable work during the period.

---

[5] N.T. at 7.

[6] N.T. at 8.

[7] Notes of Testimony before Referee Walter Alexandroff, March 18, 1985 at 19.

It is axiomatic that unemployment compensation is not health insurance and does not cover physically or mentally ill persons during periods they are unemployable. *Carter v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 569, 442 A.2d 1245 (1982). Section 401(d)(1) of the Law, 43 P.S. §801(d)(1) requires that a claimant be "able to work and available for suitable work" in order to receive benefits. To be considered "available" a claimant must be ready, willing *and able* to accept employment and be actually and currently attached to the labor force. *Craig v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 305, 442 A.2d 400 (1982). In the case *sub judice* claimant may have been ready and willing to return to work in that she registered with the OES to find a job and actually did interview for work, but the evidence nevertheless remains that she was not physically and mentally able to work.

The order of the Board denying benefits must be affirmed.

ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-232474-B dated May 13, 1985, affirming the referee and denying benefits is affirmed.

Judge COLINS dissents.