580 A.2d 457

**Thelma CHANDLER, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 28, 1990.

Decided Sept. 19, 1990.

Paul A. Lockrey, Philadelphia, for petitioner.

James K. Bradley, Asst. Counsel, with him, Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

BYER, Judge.

Thelma Chandler (Chandler) appeals from an order of the Unemployment Compensation Board of Review (board) affirming, as modified, the referee's denial of benefits under section 509 of the Unemployment Compensation Law.[1] We affirm.

Chandler was employed by Devon Knitwear (employer) as an underpresser for one day, April 26, 1989. Chandler filed for unemployment compensation benefits, and on July 25, 1989, the board issued an order (first order) ruling that Chandler was ineligible to receive benefits under section 402(b) of the act,[2] because she voluntarily separated from employer without good cause. Chandler did not file a timely appeal from the first order.[3]

On November 5, 1989, Chandler filed a new application for benefits for the following benefit year. On November 16, 1989, the Office of Employment Security (OES), ruling on the same separation from employer as involved in the first order, denied benefits under section 402(b) of the act, 43 P.S. § 802(b).[4]

Chandler appealed that determination, and a referee held an evidentiary hearing on December 6, 1989. On December 8, 1989, the referee affirmed the OES determination and

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 829.

2. 43 P.S. § 802(b).

3. Chandler filed an appeal one day late, and we quashed that appeal as untimely at No. 1743 C.D. 1989.

4. This ruling covered both Chandler's November 5, 1989 application for benefits and her claim credit for waiting week ending November 11, 1989.

disallowed benefits pursuant to section 509 of the act, 43 P.S. § 829, which provides:

> § 509.  Finality of decisions
>
> Any decision made by the department or any referee or the board shall not be subject to collateral attack as to any application claim or claims covered thereby or otherwise be disturbed, unless appealed from.
>
> Subject to appeal proceedings and judicial review, *any right, fact or matter in issue which was directly passed upon or necessarily involved in any decision of a referee or the board or the Court* and which has become final shall be conclusive for all purposes of this act and shall not be subject to collateral attack as among all affected parties who had notice of such decision ... (emphasis added).

Chandler appealed.  The board affirmed, as modified, the referee's decision, denying benefits under sections 509 and 402(b) of the act, 43 P.S. §§ 829, 802(b) (second order).  It is from this second order that Chandler appeals.

■ Chandler's sole argument is that the board erred as a matter of law in failing to allow the introduction of additional testimony, which Chandler alleges would differentiate the first claim filed on November 6, 1988, from the second filed on November 5, 1989.  Chandler claims this additional testimony would vitiate the claim preclusion under section 509 as a result of the first order.[5]

Chandler asserts that she sought the opportunity to introduce additional testimony before the referee in order to distinguish the second claim from the first, but that the referee would not receive the testimony.  We find nothing in the record to support this contention.[6]  Chandler also fails to tell us, and the record does not state, what testimo-

---

5. We discuss these issues in our opinion filed today in Chandler's appeal at 550 C.D. 1990, 525 Pa.Commonwealth Ct. 219, 580 A.2d 460 (1990), regarding her application for trade readjustment allowance benefits based upon the same separation from employer.

6. At best, counsel for Chandler asserted his belief at one point that this was "a new case" and at another that it was "a new appeal." Notes of testimony of December 6, 1989 hearing at 2–3.  Chandler did not offer any evidence before the referee to support this belief.

ny she proposes to introduce, or on what basis she contends that she is not barred by claim preclusion under section 509 of the act, 43 P.S. § 829.[7] Absent this information, we have no reason to remand for additional findings of fact.[8]

Furthermore, it is well established that the board has broad discretion to determine whether it will take additional testimony under section 504 of the act, 43 P.S. § 824. *Ferris v. Unemployment Compensation Board of Review*, 45 Pa.Commonwealth Ct. 567, 405 A.2d 1047 (1979). Chandler asserts no basis upon which we could find an abuse of that broad discretion.[9]

Therefore, the board did not err by making its decision without taking additional testimony, especially where Chan-

---

**7.** We established in *Walsh v. Unemployment Compensation Board of Review*, 16 Pa.Commonwealth Ct. 155, 329 A.2d 523 (1974) that: We should and will not, except in extraordinary circumstances not here present, reverse an administrative agency's decision and remand for further hearing, on the ground of asserted inadequacy of the record, where the means provided for obtaining the same relief from the agency are not employed. Furthermore, *we can presently conceive of no circumstances in which we should remand, absent application to the agency, where we are not told what evidence should be, but is not, included in the record.* We believe that adherence to such principles of review promote the orderly, expeditious, economical and equitable disposition of administrative agency cases, which in numbers of matters appealed and of serious questions presented for review, are increasing at a rate which do not permit review at a higher level of what, upon proper application, might have been corrected below.
*Id.*, 16 Pa.Commonwealth Ct. at 162, 329 A.2d at 527 (emphasis added). *See also Kustafik v. Unemployment Compensation Board of Review*, 75 Pa.Commonwealth Ct. 622, 462 A.2d 947 (1983).

**8.** In order for us to properly exercise our appellate review, the board's findings of fact "must include all findings necessary to resolve the issues raised by the evidence and which are relevant to the decision." *Curtis v. Unemployment Compensation Board of Review*, 32 Pa.Commonwealth Ct. 462, 467, 379 A.2d 1069, 1072 (1977) (citation omitted); *Unemployment Compensation Board of Review v. Crilly*, 25 Pa.Commonwealth Ct. 21, 358 A.2d 739 (1976). Chandler does not challenge the adequacy of the findings here. Instead, she asserts error in the board's refusal to remand for the introduction of evidence, which she does not describe, so that the referee could make findings, the contents of which she leaves to our imagination.

**9.** This issue is discussed at length in our opinion at 550 C.D. 1990, *supra* n. 5, where Chandler had requested reconsideration by the board and we held that its refusal was not error.

dler fails to show that additional testimony was actually offered, the nature of the proposed testimony, or how the proposed testimony is relevant to the application or avoidance of claim preclusion under section 509. In view of this ruling, we must determine whether the board erred as a matter of law by applying claim preclusion to this case.

■ We decided a similar case in *Unemployment Compensation Board of Review v. Ferraro*, 22 Pa.Commonwealth Ct. 304, 348 A.2d 753 (1975). There, the claimant filed for unemployment benefits in January, 1973, and the board denied the claim. Claimant did not appeal that decision. In August, 1973, claimant reapplied for benefits based on the same separation from employment. After determining that claimant was timely notified of the board's initial decision, we determined that "[t]he original determination is res judicata with respect to appellant's subsequent claims postulated on the same facts." *Id.*, 22 Pa.Commonwealth Ct. at 306, 348 A.2d at 755 (citing *Gollier v. Unemployment Compensation Board of Review*, 162 Pa.Superior Ct. 136, 56 A.2d 351 (1948)).[10] Section 509 of the act clearly supports this holding. *See McConnell v. Unemployment Compensation Board of Review*, 48 Pa.Commonwealth Ct. 516, 409 A.2d 1196 (1980).

In her brief, Chandler asks us, on the basis of "equity" to relieve her from the claim preclusion under section 509 of the act, 43 P.S. § 829. Beyond making cryptic references to "equity" and "equitable power," she refers us to no facts or

**10.** In *Gollier,* Superior Court reversed a decision by the board which was contrary to a prior unappealed decision of the referee based on the same separation from employment. The claimant in *Gollier* had filed for unemployment compensation and had been denied by the bureau under section 402(b) of the act, 43 P.S. § 802(b). The referee reversed and allowed the claim. That decision was not appealed and became final. The following year, the claimant again filed for compensation on the same separation from employment. The bureau disallowed the claim, and this decision was affirmed by the referee and the board. Only after the board's determination did claimant's counsel bring to its attention the unappealed determination of the previous year. This fact was included in the record on appeal to the Superior Court. Basing its decision on section 509 of the act, 43 P.S. § 829, the court determined that the prior referee's decision was final and conclusive.

authority which would justify or authorize us to grant her relief from her own procedural defaults. "Equity" is not a slogan which may be invoked in order for a court to act capriciously, and no court has "equitable power" to ignore the law.

We affirm.

## ORDER

The Order of the Unemployment Compensation Board of Review is affirmed.