Eleanor E. Walsh, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

156

Argued September 10, 1974, before Judges CRUM-LISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*William J. O'Brien*, with him *Pepper, Hamilton & Sheetz*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Israel Packel*, Attorney General, for appellee.

OPINION BY JUDGE ROGERS, December 16, 1974:

Eleanor E. Walsh here appeals from an order of the Unemployment Compensation Board of Review affirm-

ing a referee's decision denying her unemployment compensation benefits.

Ms. Walsh was employed on a part-time basis by the J. B. Smith Company as a clerical worker from January 1967 until November 1971, when she took employment elsewhere. Ms. Walsh was reemployed by J. B. Smith in October 1972 and worked for that company until June 15, 1973, when she voluntarily quit.

The substantive issue is whether Ms. Walsh left her work without cause of a necessitous and compelling nature. Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §802(b) (1) ; and Ms. Walsh bore the burden of showing that her voluntary quit was with such cause. *Stalc v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 318 A. 2d 398 (1974). She asserted two reasons for leaving: first, that her employer violated an agreement made at the time of her rehiring that she should be paid on a salary rather than a wage basis, and second, that the odor of paint at her work station in the employer's offices adversely affected her health.

The facts were sharply in dispute. Ms. Walsh testified that when she was reemployed she was promised that she would first work for wages but go on salary upon the resignation of another employee, which was early expected, and that when that event occurred her employer failed to keep its promise. The employer's alleged violation of the asserted agreement, she stated, came to her attention when her weekly paycheck reflected a reduction as the result of her failure to work several days, with excuse for her absences. The employer's representatives denied that there was an agreement that Ms. Walsh, when hired, would be paid on an hourly wage basis or that it would change the method of payment at any later time.

Concerning the smell of paint in the offices, the employer's representatives, while conceding that Ms. Walsh complained of this condition, as she testified, countered that such complaints were voiced only before it installed two electric air purifiers in January of 1973. The record is quite clear that Ms. Walsh did not tell her employer that her physician, who was treating her for diabetes, had advised her that the odor of paint was deleterious to her health, and not until the occasion of the Bureau of Employment Security's predetermination hearing, which took place about a month after Ms. Walsh's quitting her job, did she produce a doctor's certificate. This certificate, dated July 14, 1973, reads: "E. Walsh is under my care—she is diabetic on [symbol for drug undecipherable] the odor of paint produces nausea according to the patient and this is undesirable from the medical standpoint for diabetic patients."

The referee found the facts against the claimant. As to the alleged method of compensation, he stated that "this [the claimant's version] condition of employment was not proved to the satisfaction of the referee," and as to the odors, he emphasized the fact that the claimant failed to provide her employer with a physician's statement that this condition was injurious to her health. There was no evidence other than the doctor's certificate dated and produced after the claimant quit and based on her statement to him that the claimant suffered nausea while working for J. B. Smith Company. The weight to be given such doctor's certificate was clearly for the fact finders. *A. M. Elshinnawy v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 597, 317 A. 2d 332 (1974).

Where, as here, the decision of the Board is against the party having the burden of proof, the question before us, absent an error of law or a showing of fraud, is whether the Board's findings of fact are consistent with each other and with its conclusions of law and its

order, and can be sustained without a capricious disregard of competent evidence. *Zysk v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 409, 316 A. 2d 663 (1974); *Brown Unemployment Compensation Case*, 194 Pa. Superior Ct. 76, 166 A. 2d 100 (1960). Capricious disregard is defined as a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result. *Aluminum Company of America v. Theis*, 11 Pa. Commonwealth Ct. 587, 314 A. 2d 893 (1974). We find no evidence capriciously disregarded by the unemployment compensation authorities which induced their conclusion that the claimant's resignation was based solely on her unwillingness to work for wages. This was not necessitous or compelling cause for leaving. *Stalc v. Unemployment Compensation Board of Review, supra.*

The testimony before the referee appears to have been taken on tape and the word "inaudible" appears at a number of places on the transcription. The appellant contends that the Board of Review could not have and did not consider the entire record, as it asserts in its order affirming the referee. This, she argues, requires us to reverse or reverse and remand for further hearing.

It is significant to note that, although both the appellant and her present counsel attended the referee's hearing, they do not vouchsafe to tell us what evidence helpful to Ms. Walsh's cause was omitted from the record. More importantly, we believe that the appellant raised the alleged inadequacy of the transcript too late in these proceedings.

A disappointed litigant before the Board may file a petition for rehearing or reconsideration with the effect that the limitation of time for appeal from the original adjudication, as well as the decision on the petition for rehearing, is measured from the entry of the latter de-

cision, "if such a petition is timely filed." Section 41 of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, *as amended*, 71 P.S. §1710.41.[1] Rule 101.111 (a), 34 Pa. Code §101.111 of the Unemployment Compensation Board of Review implements this statutory right as follows:

"§101.111. Reconsideration by Board.

"(a) Within ten days after the issuance of the decision of the Board, as may be determined by the provisions of §101.102 of this Title (relating to form and filing of application for further appeal from decision of referee), any aggrieved party may request the Board to reconsider its decision and if allowed, to grant further the opportunity to do the following:

"(1) Offer additional evidence at another hearing.

"(2) Submit written or oral argument.

"(3) Request the Board to reconsider the previously established record of evidence."

We note further concerning the availability to the appellant of the assertedly defective transcript of the hearing in this case, conducted on September 11, 1973, that it was received by the Board on October 5, 1973 and that the Board's order affirming the referee is dated November 1, 1973. Board rules §§101.54 and 101.71 provide the following concerning, respectively, records and copies on request:

"§101.54. Records.

---

[1] For the purposes of the instant case, the pertinent language of Section 41 is not affected by our decision in *Department of Environmental Resources v. Wolford and Bednar*, Pa. Commonwealth Ct. , 329 A. 2d 304 (1974), which holds that Section 41 has been repealed in two particulars by the Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L. 673, §508(a)(71), *as amended*, 17 P.S. §211.508(a)(71) : namely, by the substitution of the Commonwealth Court for the Court of Common Pleas of Dauphin County and as to the time period for appeals being computed from the entry of an adjudication or an order rather than from its service.

"(a)  The proceedings of all appeal hearings, at both referee and Board levels shall be recorded and preserved for a period of two years.  Such record need not be transcribed unless a further appeal is filed.  In the event an application for further appeal is filed from the decision of a referee, the record shall be transcribed and transmitted to the Board, together with all records and documents in the appeal proceeding.  At any time the Board may require the complete record of any case, or any part thereof, to be transcribed and filed with the Board.

"(b)  When an interested party or his representative requests information from the file of the board in order to present and maintain the issues at a hearing before a referee or the Board or in an appeal to the Court, such information (including the hearing transcript, where the record has been transcribed) shall be made available at a reasonable time to such party and his representative, without charge, at the office of the referee to whom the case was assigned or at the central office of the Board in Harrisburg, Pennsylvania, whichever is more convenient to the interested party or his representative, for examination, copying, and making notations therefrom.  Any examination of the file shall be permitted only for purposes relating to the Unemployment Compensation Law (43 P.S. §751 et seq.) and for no other proceeding or purpose."  34 Pa. Code §101.54.

"§101.71.  Copies on request.

"If any party to a proceeding shall file with the referee or the Board a statement that a transcribed copy of the record of the testimony, or any part thereof, is necessary to a proper presentation of his case, either before the referee or the Board, a transcribed copy of the record of such testimony, or any indicated part thereof, shall be furnished to him without charge.  In the event of an appeal from the decision of the Board to the Commonwealth Court, any party may request a

transcribed copy of the record of all the testimony, and it shall be furnished without charge." 34 Pa. Code §101.71.

We should and will not, except in extraordinary circumstances not here present, reverse an administrative agency's decision and remand for further hearing, on the ground of the asserted inadequacy of the record, where the means provided for obtaining the same relief from the agency are not employed. Furthermore, we can presently conceive of no circumstances in which we should remand, absent an application to the agency, where we are not told what evidence should be, but is not, included in the record. We believe that adherence to such principles of review promote the orderly, expeditious, economical and equitable disposition of administrative agency cases, which in numbers of matters appealed and of serious questions presented for review, are increasing at a rate which do not permit review at a higher level of what, upon proper application, might have been corrected below.

We have considered the appellant's contention that the referee "appeared to accept incompetent hearsay evidence . . . in the form of an unsworn statement by a person not present" at the hearing. There is such a statement in the papers certified by the Board. Neither the referee nor the Board opinion makes reference to it and it contains nothing which was not testified to by witnesses at the hearing. The appellant contends further that a witness for the employer was improperly permitted to refer to notes and records which were not admitted into evidence and which the appellant's counsel was not permitted to examine. The testimony in question concerned details of appellant's hourly rates of pay and days worked and the company records were properly employed for this purpose. We find nothing in the record indicating that counsel asked to examine these records, much less that he was refused his un-

doubted right to do so. Finally, the appellant's argument based on alleged denial of due process is without merit, being founded principally, as we understand her brief, on the alleged deficiencies of the record, which subject we have discussed sufficiently earlier in this opinion.

## ORDER

AND NOW, this 16th day of December, 1974, the order of the Unemployment Compensation Board of Review is affirmed and the appeal herein dismissed.