Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania *v.* Sara Wright, Appellant.

638

Argued October 10, 1975, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Stephen F. Ritner*, for appellant.

*Daniel R. Schuckers*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE BLATT, November 14, 1975:

Ms. Sara Wright (claimant) was last employed as a switchboard operator for Parkview Hospital until her discharge in August of 1974. After her discharge she applied for unemployment compensation benefits pursuant to the Pennsylvania Unemployment Compensation Law[1] (Act). At the referee's hearing the claimant's employer testified as to certain acts of willful misconduct on the part of the claimant as the reason for her discharge. The claimant, however, offered explanations for some of the acts and denied others. The referee, giving greater weight to the credibility of the claimant's testimony, concluded that she was discharged merely as an unsatisfactory employee rather than for willful misconduct, and awarded benefits. Upon review, however, the Unemployment Com-

---

1. Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P. S. §751 et seq.

pensation Board of Review (Board) exercised its own judgment as to the credibility of the witnesses and concluded that the claimant was guilty of willful misconduct. Benefits were, therefore, denied pursuant to Section 402 (e) of the Act, 43 P.S. §802 (e). The claimant has now appealed to this Court.

The sole issue raised by the appellant is whether or not the Board erred in making an independent determination of the credibility of the witnesses based upon demeanor testimony. Under Section 504 of the Act, 43 P.S. §824 the Board has the express power to affirm, modify, or reverse the determination of the referee on the basis of the evidence previously submitted in the case. This section has long been authority for the principle that the unemployment compensation referee acts merely as an agent for the Board and that the Board is the ultimate fact finding body empowered to resolve conflicts in evidence, to determine the credibility of witnesses, and to determine the weight to be accorded the evidence. *Franke Unemployment Compensation Case*, 166 Pa. Superior Ct. 251, 70 A.2d 461 (1950); *accord, Hamilton Unemployment Compensation Case*, 181 Pa. Superior Ct. 113, 124 A.2d 681 (1956). This rule has remained unchanged. *Yasgur v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 33, 328 A.2d 908 (1975); *Rabinowitz v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 51, 324 A.2d 825 (1974). We have no doubt that this is a proper construction of the statute and that this construction is consistent with administrative law generally. *See* Davis, *Administrative Law Treatise* §11.01 et seq. (1958). The appellant, however, argues that such procedures violate the claimant's right to due process. We have carefully examined the authority cited and find no support for the proposition that due process is violated merely where a hearing examiner's determination as to the credibility of the witnesses is not given special weight by the ultimate

640

fact finder, here the Board. We, therefore, issue the following

ORDER

AND NOW, this 14th day of November, 1975, the decision and order of the Unemployment Compensation Board of Review is hereby affirmed.