Florig Equipment Co., Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

496

Argued March 5, 1979, before Judges CRUMLISH, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Joseph W. Lonergan,* with him *Arthur L. Jenkins, Jr.,* and *Smith, Aker, Grossman, Hollinger & Jenkins,* for appellant.

*William G. Dade,* Assistant Attorney General, for appellee.

OPINION BY JUDGE ROGERS, April 4, 1979:

Florig Equipment Company has appealed from a decision of the Unemployment Compensation Board of Review which reversed a referee's denial of benefits and which awarded benefits to Lynn C. Taylor on the ground that he was not guilty of willful misconduct. We affirm the Board's order.

Taylor was employed by Florig as a hydraulic mechanic from June 12, 1976 until February 26, 1977. At the time Taylor was hired, an arrangement was made with the owner of the company, that Taylor, who did

some work as a model, would be permitted to "just take off" from work if he had a modeling job. On February 1, 1977, Taylor received a written warning from his employer which stated, in part:

> Since your employment started on 6/12/76 through to 12/31/76 you have been absent more than one day and [sic] five. We started 1977 and you have already exhausted your sick leave for the year. Now is the time we are finally saying to you your attendance and tardiness must drastically improve or you will be fired.

On February 25, 1977, Taylor reported to work fifteen minutes late because his brother, who also worked for Florig Equipment and upon whom Taylor depended for transportation to work, was late getting to Taylor's residence. Taylor was discharged for this reason the following day.

The Board of Review concluded that Taylor was not guilty of willful misconduct. This Court has held that:

> *Habitual tardiness,* particularly after warnings that a termination of services may result if the practice continues, is sufficient evidence of an employee's disregard of the employer's interest to sustain a finding of willful misconduct. Woodson v. Unemploymeent Compensation Board of Review, 7 Pa. Commonwealth Ct. 526, 300 A.2d 299 (1973). (Emphasis added.)

*Unemployment Compensation Board of Review v. Glenn,* 23 Pa. Commonwealth Ct. 240, 244, 350 A.2d 890, 892 (1976). The evidence in this record shows that although Taylor was frequently absent or late prior to the warning given on February 1, 1977, he was acting pursuant to a working arrangement he had with his employer. After the warning, which we may assume ended that arrangement, Taylor was late on only one

occasion—the morning of February 25, 1977. We agree with the Board that this one instance of tardiness did not constitute disqualifying willful misconduct under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Order affirmed.

## ORDER

AND Now, this 4th day of April, 1979, the order of the Unemployment Compensation Board of Review dated September 12, 1977 awarding benefits to Lynn C. Taylor is affirmed.