Leonard J. Mendelson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 5, 1979, before Judges CRUMLISH, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Antonio D. Pyle*, for petitioner.

*John T. Kupchinsky*, Assistant Attorney General, with him *Elsa D. Newman*, Assistant Attorney General, and *J. Justin Blewitt*, Acting Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., June 19, 1979:

Leonard J. Mendelson was declared ineligible for unemployment compensation benefits by a referee of the Unemployment Compensation Board of Review (Board) for having voluntarily left work without cause of a necessitous and compelling nature, section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1). His appeal to the Board was denied.

We affirm the Board.

Mendelson was employed for nine years by K-Mart as a salesman and stock clerk at a rate of $2.90 per hour before termination on April 16, 1977. Prior to termination, Mendelson had a conference with an employer representative in which his poor work performance was discussed. Mendelson was told to either improve his performance within 30 days or face possible discharge. The referee found that, after discussing the warning with his wife, Mendelson elected to quit and gave employer a two-week notice on April 1, 1977. He then applied for unemployment compensation benefits.

Mendelson's appeal to this Court posits these issues:

I. Did the referee base his findings of fact upon substantial evidence in the record?

II. Did the manner in which the referee conducted the hearing deprive Mendelson of due process of law?

Mendelson contends that he was discharged, and that testimony relative to the two-week termination notice is hearsay. This is unsupported by the record as exemplified by the following segment:

Referee:

At any time, Mr. McCann, had you ever told the claimant he was fired as of today or in two weeks or in one month?

Employer Representative:

I certainly did not.

Moreover, we agree that the testimony of employer representative relating a telephone conversation with the personnel supervisor was hearsay.[1] It is axiomatic

---

[1] Claimant's response to the referee's question of whether or not he had gone to the personnel supervisor and given a two week

that a finding of fact based solely on hearsay will not stand but hearsay evidence, if admitted without objection, will be given its natural probative effect and may support a finding if it is corroborated by any competent evidence in the record. *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

However, in this record we see the testimony of employer representative and Mendelson in support of the employer's version of the disputed conversation. The testimony of Mendelson's rendition of his conversation with employer's representative is as follows: "He gave me an ultimatum. He gave me an ultimatum. Improve in 30 days or you'll be out the door and looking in the classified ads for another job." Thus, hearsay evidence combined with Mendelson's testimony constitutes competent evidence to support the referee's finding that Mendelson elected to leave to avoid a discharge.

That Mendelson was "upset" and "disturbed" because he had been told to improve his work performance or suffer replacement is no basis for leaving the employment. The record properly convinced the referee that Mendelson's self-termination was unreasonable and imprudent. *See Rizzitano v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 59, 377 A.2d 1060 (1977).

The referee and Board properly concluded that the termination was not for cause of a necessitous and compelling nature.

Mendelson's second contention that the referee's conduct of the hearing deprived him of due process of law is likewise without merit. He argues that the referee, in failing to explicitly advise him to make evidentiary objections, was in error. It may be desira-

---

termination notice was that he did not remember. Such an answer is incomprehensible in light of the significance of the event.

ble and beneficial for referees to so advise unrepresented claimants, but we know of no specific obligation whose disregard violates due process. Neither due process nor the rules of procedure governing referees' hearings in unemployment compensation cases requires him to provide affirmative assistance. *Gonzalez v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 70, 395 A.2d 292 (1978). No limitation was put on the parties' testimony. In short, he had his day.

Accordingly, we

### Order

And Now, this 19th day of June, 1979, the decision of the Unemployment Compensation Board of Review, No. B-148116, dated August 3, 1977, is hereby affirmed.