Patrick Hart, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

618

Argued April 2, 1979, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

Stanley M. Shingles, for appellant.

Elsa D. Newman, Assistant Attorney General, with her Richard Wagner, Chief Counsel, Assistant Attorney General, and Edward G. Biester, Jr., Attorney General, for appellee.

OPINION BY JUDGE BLATT, June 29, 1979:

The appellant, Patrick Hart, appeals here from the denial of unemployment compensation benefits by the Unemployment Compensation Board of Review on the basis that he was guilty of willful misconduct.

The appellant had been employed for seven years as a patrolman in the police department of the City of Philadelphia when he was dismissed for conduct unbecoming an officer. He had been arrested on charges of involuntary and voluntary deviate sexual intercourse, indecent assault and corruption of the morals of a minor, a fifteen-year-old girl, and, subsequent to his dismissal, these charges were dismissed. When he applied for unemployment compensation

benefits, however, his application was denied by the Bureau, but then granted by the referee, who found that the employer had failed to disprove the appellant's contentions that he was innocent of all charges. Upon appeal to the Board, the referee's decision was reversed, the Bureau's denial of benefits was approved, and this appeal followed. The appellant argues that there is no evidence in the record to support the employer's allegations of conduct unbecoming an officer and, therefore, that the employer failed to satisfy its burden of proving willful misconduct.

The Board here specifically found that the appellant had engaged in sexual activity with a female minor, and there is testimony at the referee's hearing which would support this finding. This testimony is in the form of an affirmative response by the minor to a question as to whether or not there had been any physical activity of a sexual nature between her and the appellant. The appellant argues, however, that it is a denial of due process for the Board to reverse the credibility determination of the referee when no evidence other than that mentioned was produced before the Board.

Section 504 of the Unemployment Compensation Law,[1] expressly provides that the Board may reverse the determination of a referee without taking on any new evidence, and our Court has said that:

> This section has long been authority for the principle that the unemployment compensation referee acts merely as an agent for the Board and that the Board is the ultimate fact finding body empowered to resolve conflicts in evidence, to determine the credibility of witnesses, and to determine the weight to be accorded the evidence.

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §824.

*Unemployment Compensation Board of Review v. Wright*, 21 Pa. Commonwealth Ct. 637, 639, 347 A.2d 328, 329 (1975).

Inasmuch, therefore, as the Board is clearly entitled to make a finding contrary to that of the referee without holding its own hearing, *Unemployment Compensation Board of Review v. Kennedy*, 18 Pa. Commonwealth Ct. 248, 334 A.2d 849 (1975), and this Court has previously held that the statutory provision herein noted does not violate due process, *Unemployment Compensation Board of Review v. Wright, supra,* we must therefore affirm the findings and order of the Board.

## ORDER

AND Now, this 29th day of June, 1979, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.