Juan F. Rodriguez, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 13, 1979, before Judges CRUM-LISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Barbara J. Hart,* with her *Louis M. Shucker,* and *William Anderson,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Assistant Attorney General, Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., December 18, 1979:

Juan F. Rodriguez was last employed as a chipper for Reading Gray Iron on or about November 9, 1977. Rodriguez allegedly reported to work in an intoxicated condition and as a result was discharged. Rodriguez contends that he had been excused from work until the beginning of the following work week because he suffered a twisted ankle and his discharge came in the interim. The referee found that he was discharged as an unsatisfactory employee, not for willful miscon-

duct, and awarded benefits. The Unemployment Compensation Board of Review (Board), exercising its own judgment, found the employer's testimony more credible, concluded that Rodriguez was guilty of willful misconduct, and denied benefits pursuant to Section 402(e) of the Unemployment Compensation Law,[1] 43 P.S. §802(e). He appeals. We affirm.

Whether or not the Board erred in making an independent determination as to the credibility of witnesses is not new to us. Indisputably, the Board is the ultimate fact-finding body empowered to resolve conflicts in evidence, to determine the credibility of witnesses, and to determine the weight to be accorded to evidence. *Unemployment Compensation Board of Review v. Leonhart*, 24 Pa. Commonwealth Ct. 196, 353 A.2d 925 (1976); *Unemployment Compensation Board of Review v. Wright*, 21 Pa. Commonwealth Ct. 637, 639, 347 A.2d 328 (1975).

Rodriguez attempts to add a new twist by asserting that the Board's failure to adjudicate the witness credibility question with more particularity denies him due process. We find no support for this proposition in the cited authority. Rodriguez further contends that "some deference" should be given to the referee's credibility determination, yet he does not show that the Board failed to give that attention. Due process is not violated where the ultimate fact finder merely makes a determination adverse to the referee's conclusions.

Accordingly, we

ORDER

AND Now, this 18th day of December, 1979, the decision and order of the Unemployment Compensation Board of Review is affirmed.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*