Jacob Czitrom, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and City of Philadelphia, Respondents.

538

Argued June 5, 1980, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Benjamin Pomerantz*, for petitioner.

*William J. Kennedy*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel and *Edward G. Biester, Jr.*, Attorney General, for respondents.

OPINION BY JUDGE WILKINSON, JR., July 7, 1980:
Petitioner (claimant) appeals from a final determination of the Unemployment Compensation Board of Review (Board) denying benefits pursuant to the provisions of Section 402(b)(1) of the Unemployment

Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). We affirm.

Claimant was last employed by the City of Philadelphia as a hospital aide at the Philadelphia Riverview Home for the Aged; his last day of work was March 30, 1978. The Bureau (now Office) of Employment Security (Bureau) issued a determination denying compensation on grounds claimant voluntarily terminated his employment without a cause of compelling and necessitous nature. After a hearing before a referee, the Bureau's determination was reversed. Employer appealed; and the Board, without taking additional evidence, issued the order here appealed reversing the referee's decision.

In his brief on appeal, claimant presents the following single question: "Can the [Board] reverse the order of the Appeals Referee who had heard all of the testimony, questioned all of the witnesses in person, and conducted a full trial, and who sat as both judge and jury?" While we can appreciate a claimant's frustration following a decision of the Board reversing a favorable referee's decision, the answer to the question posed is clearly in the affirmative. "Indisputably, the Board is the ultimate fact-finding body empowered to resolve conflicts in evidence, to determine the credibility of witnesses, and to determine the weight to be accorded to evidence." *Rodriguez v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 65, 67, 408 A.2d 1191, 1191-92 (1979). *See also Sun Oil Co. v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 21, 408 A.2d 1169 (1979); *Miller v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 539, 405 A.2d 1034 (1979).

Claimant cites a line of workmen's compensation cases to support his position which, in the context of

unemployment compensation, are simply inapposite. The distinct statutory programs created by the Law and by The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq. have evolved with equally distinct roles for their respective referees and appeal boards.

Section 504 of the Unemployment Compensation Law [43 P.S. §824], expressly provides that the Board may reverse the determination of a referee without taking on any new evidence, and our Court has said that:

'This section has long been authority for the principle that the unemployment compensation referee acts merely as an agent for the Board and that the Board is the ultimate fact finding body empowered to resolve conflicts in evidence, to determine the credibility of witnesses, and to determine the weight to be accorded the evidence.'

Unemployment Compensation Board of Review v. Wright, 21 Pa. Commonwealth Ct. 637, 639, 347 A.2d 328, 329 (1975).

*Hart v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 617, 619-20, 402 A.2d 1148, 1149 (1979).

In contrast to the appeals procedure provided by the unemployment Law, the Legislature has implemented a different scheme for workmen's compensation under Section 423 of the Act, 77 P.S. §854.[1] The workmen's compensation referee is the ultimate fact-finder; the Workmen's Compensation Appeal Board serves a limited function in the area of fact finding. *United Industrial Maintenance v. Workmen's Com-*

---

[1] The appeals procedure described herein under the Act has not always been the rule. *See Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

*pensation Appeal Board,* 46 Pa. Commonwealth Ct. 156, 405 A.2d 1360 (1979).

Since substantial evidence supports the findings of the unemployment Board we must affirm.

On oral argument, counsel for appellant, while not abandoning the issue covered by the statement of question, argued that the evidence did not support the Board's findings. This issue is not in the statement of the question, quoted above in full. As stated in Pa. R.A.P. 2116, "ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby." In this instance not only is this issue not set forth in the statement of questions nor suggested by it, indeed it is not mentioned in appellant's brief. Suffice it to say our review of the record does show that there was ample evidence to support the Board's findings.

Accordingly, we will enter the following

ORDER

AND Now, July 7, 1980, the order of the Unemployment Compensation Board of Review, Decision No. B-168976, dated February 16, 1979 is hereby affirmed.