Southeastern Pennsylvania Transportation Authority, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Doris L. Brown, Respondents.

Argued October 9, 1980, before Judges MacPhail, Williams, Jr. and Palladino, sitting as a panel of three.

*Joseph F. Keener, Jr.*, with him *Norman Hegge, Jr.*, for petitioner.

*Jerome Balter*, for respondent, Doris L. Brown.

*Charles Hasson*, Assistant Attorney General, for respondent, Commonwealth of Pennsylvania.

Opinion by Judge MacPhail, November 24, 1980:

Doris L. Brown, Claimant, was employed by Southeastern Pennsylvania Transportation Authority (SEPTA) as a trolley operator. She was discharged for willful misconduct by reason of a physical altercation with a passenger alleged to have occurred on May 18, 1978. Claimant was granted unemployment compensation benefits by the Unemployment Compensation Board of Review (Board) and SEPTA has appealed from that order.

The crucial finding of fact by the Board is that the Claimant had no physical altercation with a passenger on May 18, 1978. Claimant's testimony at two hearings

before a referee was that she was not involved in any physical altercation with a passenger. The employer's evidence consisted of a statement alleged to have been taken from the victim and a written statement from a secret SEPTA inspector who is alleged to have been in the trolley when the incident occurred. The Board held that there was no "credible, competent testimony to indicate that the altercation occurred or that the Claimant was responsible for the altercation."

The burden of proving willful misconduct is on the employer. *Roach v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 424, 376 A.2d 314 (1977). "Indisputably, the Board is the ultimate fact-finding body empowered to resolve conflicts in evidence, to determine the credibility of witnesses, and to determine the weight to be accorded to evidence." (Citations omitted.) *Rodriguez v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 65, 67, 408 A.2d 1191, 1191-92 (1979).

This case presents a classic issue of fact which has been resolved by the Board against SEPTA. Even if SEPTA was to prevail in its contention that the Board erred in holding certain evidence to be incompetent, an issue which we need not resolve in this case, it cannot overcome the Board's ruling on credibility. The plain fact of the matter is that the Board chose to believe the Claimant. Accordingly, the Board's findings will not be disturbed by this Court.

Order affirmed.

ORDER

AND Now, this 24th day of November, 1980, the order of the Unemployment Compensation Board of Review, dated May 4, 1979, is affirmed and the case is remanded to the Board for computation of benefits with leave granted to Doris L. Brown to then file a praecipe for judgment in this Court.

## AMENDED ORDER

AND Now, this 8th day of December, 1980, the order of this Court entered November 24, 1980 and amended November 25, 1980, is further amended to read as follows:

AND Now, November 24, 1980, the order of the Unemployment Compensation Board of Review dated August 29, 1979 is affirmed.