Reginald Kriebel, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 12, 1980, before Judges WILK-INSON, JR., WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*William J. Fries,* with him *Mark S. Sedley,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 17, 1981:

Reginald Kriebel, a claimant for unemployment compensation, appeals from an order of the Unemployment Compensation Board of Review (Board) denying him such benefits. The Board affirmed a referee's decision that the claimant had been discharged from his employment for "willful misconduct" and was, therefore, ineligible for benefits by force of Section 402(e) of the Unemployment Compensation Law.[1]

For about four years prior to November 16, 1978, claimant Kriebel had been employed as a truck driver by Don Martin Trucking. On that date the claimant committed certain acts deemed by his employer to be violations of company instructions and policies, which resulted in his being discharged.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

On November 16, pursuant to his duties, Kriebel drove a truck loaded with salt from the employer's terminal to an appointed destination. After making his delivery the claimant drove to a restaurant for lunch, without reporting to the company dispatcher that the delivery had been completed. When the claimant went into the restaurant he left the truck unattended with the motor running and the "maxi" (parking) brakes on.

While the claimant was in the restaurant the owner of Don Martin Trucking happened to go by the restaurant and observed his unattended truck. Upon inspection the owner ascertained that the truck had been left running and that the "maxi" brakes were on. The owner stationed himself by the truck, waiting for Kriebel to emerge from the restaurant. After over thirty minutes had elapsed without the claimant returning, the owner decided to personally drive the truck back to the company terminal. As the owner started to drive the truck away the claimant emerged from the restaurant; and the owner told him that the truck was being returned to the terminal.

As a result of the above events, testified to by the employer, the claimant was fired for failing to report to the dispatcher upon completion of the delivery, for leaving the truck parked with the motor running and "maxi" brakes on, and for taking more than twenty minutes for lunch.

According to the testimony of the company dispatcher, there was a standing company instruction for all drivers to report to the dispatcher upon completion of a delivery, and that he specifically repeated that instruction to the claimant when the claimant left on his last trip. The claimant conceded before the referee that he did not honor that instruction upon completion of his last delivery, and acknowledged that there was a company policy requiring him to call in when he was

"unloaded." The claimant also conceded that while in the restaurant he had left the truck unattended with motor running and "maxi" brakes on.

In this appeal the claimant contests the finding below that the employer had in force established instructions or policies covering the actions for which he was fired. The claimant also challenges the finding that he was aware of such instructions or policies. However, the testimony of the dispatcher as to the reporting instructions as well as the claimant's own acknowledgment of their existence are sufficient to defeat the claimant's argument as to the reporting infraction.

In the claimant's "Summary of Interview," which was admitted into evidence without objection, the claimant made the following statement:

> Mr. Martin [the owner] has told drivers not to leave the truck running with brake on but all drivers do this—is normal thing.

The claimant's own statment clearly shows that he was aware of company instructions not to leave a truck running with the "maxi" brakes on.

It is well settled that the deliberate violation of known, reasonable, company instructions or policies may constitute "willful misconduct," unless the employee establishes good cause for such violation. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976); *Holomshek v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979).

In the instant case there is substantial record evidence to support the finding that the employer had in force established instructions and policies which the claimant violated. There is also substantial evidence which shows or supports the inference that the claimant was aware of those instructions or policies, at least so far as the reporting and the "maxi" brakes are

concerned.[2] If the claimant wished to assert good cause or justification for his violations, he had the burden of proving such cause. *Holomshek, supra.* The record before us contains no such proof; and on that record we must affirm the Board's order.

ORDER

AND Now, the 17th day of March, 1981, the order of the Unemployment Compensation Board of Review at Decision No. B-170990-B, denying benefits, is affirmed.

---

[2] Given our decision as to the legal consequences of the claimant violating the reporting instructions and the instructions concerning the "maxi" brakes, we deem it unnecessary to consider the matter of the excessive time the claimant took for lunch.