Johnny Miller, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1982, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*William Taggart,* with him *Kenneth A. Zak,* and *James A. Montero,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., June 7, 1982:

Johnny Miller appeals from an Unemployment Compensation Board of Review order denying benefits.[1] We affirm.[2]

This case involves a testimonial conflict. Urick Foundry (employer) contends that Miller, an automated molding machine conveyor belt operator, was

---

[1] Miller was denied benefits under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937), *as amended,* 43 P.S. §802(e), which provides that an employee shall be ineligible for benefits for any work week "[i]n which his employment is due to his discharge . . . for willful misconduct connected with his work."

[2] The Board's order also notified Miller of a non-fault overpayment under Section 804(b) of the Unemployment Compensation Law, 43 P.S. §874(b) (Supp. 1965-80). This part of the order, however, is not contested.

ordered to clean the working area when the machine was not functioning. Miller allegedly refused, replying that he was too busy and that cleanup was not his job. After being told that refusal would result in a discharge, Miller persisted and was fired.[3]

Miller, on the other hand, contends that he refused because the machine was operating and it was impossible to do both things at the same time. He alleges that he opted to operate the machine and ignore the clean-up order, which he suggests was in the employer's best interest.

The burden of proving willful misconduct is on the employer, *Southeastern Pennsylvania Transportation Authority v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 10, 11, 422 A.2d 905, 906 (1980). When the employer prevailed below, our scope of review is limited to questions of law and to a determination of whether or not the Board's findings are supported by substantial evidence. *Maxwell v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 604, 605, 423 A.2d 430, 431 (1980). Fact findings are conclusive on appeal so long as the record contains substantial supporting evidence. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 355, 378 A.2d 829, 831 (1977).

---

[3] The referee's findings were in substantial agreement with the employer's allegations. The disputed fact findings are as follows:

3. On his last day of work at approximately 1:00 p.m. the claimant was working in the Matchmaster Department and the automated molding machine conveyor belt was not functioning. The assistant foundry superintendent instructed the claimant to take a shovel and clean up around the machine.

4. The claimant replied "I'm too busy—my job is shakeout."

5. The assistant superintendent then warned the claimant that failure to comply with his order would result in discharge. The claimant again refused to do the assignment.

Miller contends that the referee's findings were based on hearsay, hence were not supported by substantial evidence. The employer was represented at the hearing by his personnel assistant and his timekeeper, neither of whom witnessed the incident. Since the representatives introduced signed statements by the assistant supervisor and foreman, witnesses to the scenario, we must agree that the testimony *is*, in fact, hearsay, but Miller failed to object to the testimony. Hearsay admitted without objection is to be given its natural probative effect and may support a finding if it is corroborated by some competent evidence in the record. *See Mendelson v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 398, 401, 402 A.2d 565, 566 (1979). We look to the record for further guidance:

Referee to Claimant:

QR: Okay, but the shakeout wasn't operating right?

AC: *Right, it was off*, but it wasn't broke down. Okay.

QR: Okay. How long was it going to be off?

AC: Well *I would say like 15, 20 minutes maybe*. (Emphasis added.)

Miller's admission, which is clearly competent evidence, combined with the hearsay, corroborates the referee's finding that the machine was not functioning when the employee was ordered and refused to clean the work area. Since Miller could not justify this refusal, his behavior constituted willful misconduct.

Affirmed.

ORDER

The decision of the Unemployment Compensation Board of Review, No. B-80-7-E-794, dated October 29, 1980, is affirmed.

Judge MENCER did not participate in the decision in this case.