Western Electric Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Maria Santiago, Intervening Respondent.

Argued September 13, 1982, before President Judge Crumlish, Jr. and Judges Blatt and Mac-Phail, sitting as a panel of three.

*Joseph A. Bubba,* with him *William H. Fitzgerald, Butz, Hudders & Tallman,* for petitioner.

*Charles Donahue,* Associate Counsel, for respondent.

*O. Randolph Bragg,* with him *David A. Scholl,* for intervenor.

Opinion by President Judge Crumlish, Jr., December 9, 1982:

The Unemployment Compensation Board of Review granted benefits to Maria Santiago. Western Electric Company appeals. We affirm.

Santiago was discharged for ignoring warnings to refrain from contacting her former supervisor about personal matters during working hours.

The Office of Employment Security denied benefits, concluding that Santiago's behavior amounted to willful misconduct under Section 402(e) of the Unemployment Compensation Law,[1] and the referee affirmed. The Board, however, reversed and found that Santiago's violation of her employer's directive was not intentional but had resulted from her difficulty in comprehending English.

The employer bears the burden of proving willful misconduct. *Penn Photomounts, Inc. v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 407, 417 A.2d 1311 (1980). Where, as here, the employer has failed to sustain this burden below, our scope of review is limited to determining whether the findings of fact are consistent with each other and with the legal conclusion, and whether these findings can be sustained without capricious disregard of competent evidence. *Porter v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 505, 434 A.2d 245 (1981).

Western Electric argues that, by rejecting its testimony in favor of Santiago's testimony, the Board capriciously disregarded competent evidence. We disagree. The Board, as ultimate fact-finder, is empowered to resolve conflicts in the evidence, evaluate credibility and testimonial weight and reverse the decision of the referee where necessary. *Freedom Valley Federal Savings and Loan Association v. Unemployment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 332, 436 A.2d 1054 (1981). Capricious disregard of competent testimony will only be found

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), provides, in pertinent part, that an employee will be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge . . . from work for willful misconduct connected with his work. . . ."

when the Board rejects testimony which someone of ordinary intelligence could not possibly have challenged or entertained the slightest doubt as to its veracity. *Galla v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 238, 435 A.2d 1344 (1981). Here, we cannot say that the Board's rejection of Western Electric's testimony constituted capricious disregard of competent evidence.

Western Electric also argues that Santiago's actions constituted willful misconduct. This argument is without merit. Deliberate violation of known, reasonable, company instructions may constitute willful misconduct. *Kriebel v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 555, 426 A.2d 1240 (1981). Where the employee did not *deliberately* violate the employer's directive because of the language barrier, she cannot be found to be guilty of willful misconduct. *Cf., Philadelphia Parent Child Center, Inc. v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 452, 403 A.2d 1362 (1979) (lack of education and experience does not constitute willful misconduct); *Miller v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 151, 415 A.2d 454 (1980) (mere incompetence and inability are not willful misconduct).

We also reject Western Electric's final argument that the Board, in order to insure due process, must take additional evidence in order to reverse the credibility determination of the referee. The cited authority, *Rodriquez v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 65, 408 A.2d 1191 (1979), offers no support for this proposition. The Board's reversal of a referee's credibility determination was at issue in *Rodriquez* also, and this Court held the Board, as the ultimate fact-finding body, does not violate due process where it merely makes a credibility

determination contrary to that of the referee. *Id.* at 67, 408 A.2d at 1192.

Affirmed.

ORDER

The order of the Unemployment Compensation Board of Review, No. B-193993 dated April 2, 1981, is affirmed.