Maryjo S. Kustafik, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 4, 1983 to Judges ROGERS, WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*William M. Thomas, Thomas and Hair,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, July 22, 1983:

Maryjo S. Kustafik appeals here from a Decision and Order of the Unemployment Compensation Board of Review (Board) denying her benefits pursuant to the mandate of Section 402(e) of the Unemployment Compensation Law (Law),[1] the willful misconduct provision. We affirm.

Claimant was last employed as the supervisor of the North Gilmore Street facility of the Good Shephard Workshop, a position she held for approximately thirteen months prior to her last day of work, July 1, 1981. On July 1, 1981, Claimant was placed in charge of moving the North Gilmore Street facility to a new location, and at 11:30 A.M. left for lunch with several other employees. Although Claimant was only allowed a half hour for lunch, she didn't return to work

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

until between 1:15 P.M. and 1:30 P.M. Upon her return from lunch, Claimant was sent home and on the following day was discharged. The Office of Employment Security subsequently denied Claimant's request for benefits, but on appeal a referee awarded benefits concluding that "[a]t the most here, claimant may have been guilty of misjudgment. . . ." Upon a further appeal, however, the Board reversed concluding that Claimant's actions in taking an extended lunch break on a day when she was in charge of moving amounted to disqualifying willful misconduct. The present appeal followed.

Willful misconduct has been defined by the Court as

(1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or of the employee's duties and obligations.

*Kentucky Fried Chicken v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-169 (1973). The employer, of course, has the initial burden of establishing that an employee was discharged for willful misconduct, *Miller v. Unemployment Compensation Board of Review,* 67 Pa. Commonwealth Ct. 102, 445 A.2d 1372 (1982), and where, as here, the employer has prevailed below "our scope of review is . . . limited to questions of law and a determination as to whether or not the Board's findings are supported by substantial evidence." *Garcia v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 374, 375, 452 A.2d 71, 71 (1982).

Before this Court, Claimant initially alleges that her due process rights were violated since she wanted to request the right to submit a brief and have oral arguments before the Board, but did not do so since the notice of appeal form she received gave her the impression that she would have an opportunity to make this request at a later date.

Initially, we note that while it is well settled that a claimant must be informed that his employer has taken an appeal to the Board from a referee's award of benefits, *Mileski v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 334, 379 A.2d 643 (1977), the unemployment compensation authorities are not required to inform a claimant of his right to request the submission of briefs and oral arguments. *Walker v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 438, 381 A.2d 1353 (1978). It would constitute a denial of due process, however, if the appeal notice actively misled the claimant into believing that he did not have the right to request the submission of briefs or could do so at a later date. *Id.* In the present case, however, Claimant failed to submit a petition for reconsideration to the Board within the fifteen day period specified in 34 Pa. Code §101.111 raising this issue,[2] and hence, the appeal notice Claimant complains of was never made a part of the record before us. Moreover, Claimant has failed to supply us with the full text of this notice in her brief to this Court.

In considering a similar situation in *Walsh v. Unemployment Compensation Board of Review*, 16 Pa.

---

[2] While Claimant did send a letter to the Board after the fifteen day period requesting reconsideration because, as she alleged, she did not have the opportunity to submit a brief and present oral arguments to the Board, this letter did not state that she had been deceived by the appeal notice, and the request was denied on the ground that it had not been timely filed.

Commonwealth Ct. 155, 329 A.2d 523 (1974) we stated the following:

> We should and will not, except in extraordinary circumstances not here present, reverse an administrative agency's decision and remand for further hearing, on the ground of the asserted inadequacy of the record, where the means provided for obtaining the same relief from the agency are not employed. Furthermore, we can presently conceive of no circumstances in which we should remand, absent an application to the agency, where we are not told what evidence should be, but is not, included in the record. We believe that adherence to such principles of review promote the orderly, expeditious, economical and equitable disposition of administrative agency cases, which in numbers of matters appealed and of serious questions presented for review, are increasing at a rate which do not permit review at a higher level of what, upon proper application, might have been corrected below.

*Id.* at 162, 329 A.2d at 527. Since we are precluded from determining whether the appeal notice was misleading since the notice is not part of the record before us, and since it would be inappropriate to remand on this issue since Claimant never requested a reconsideration of the Board's decision, *id.*, we must reject Claimant's first allegation of error.

Claimant next asserts that she was denied due process since the Board, pursuant to the authority granted it by Section 504 of the Law, 43 P.S. §824, reversed the referee without taking any additional evidence. On numerous occasions, however, our Court has rejected this argument, *see, e.g., Hatr v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 617, 402 A.2d 1148 (1979); *Unem-*

*ployment Compensation Board of Review v. Wright,*
21 Pa. Commonwealth Ct. 637, 347 A.2d 328 (1975),
and these cases are controlling here.

Claimant finally asserts that the Board erred as a
matter of law by concluding that she had been guilty
of willful misconduct. Specifically, Claimant, citing
*Florig Equipment Co. v. Unemployment Compensa-*
*tion Board of Review,* 41 Pa. Commonwealth Ct. 495,
399 A.2d 814 (1979), argues (1) that being late for
work on one occasion is not a sufficiently serious vio-
lation of an employer's rules to constitute willful mis-
conduct, and (2) that she should be excused from her
violation of the one half hour lunch rule since her in-
fraction was caused by the slow service she received at
the restaurant. We disagree.

In *Florig* we affirmed an award of benefits to a
claimant who had been dismissed for being fifteen
minutes late to work on one occasion when his ride to
work was late. The present case is clearly distinguish-
able from *Florig,* however. First of all, this is not a
single incident of tardiness case, as was *Florig.* Rath-
er, this is a case of willful misconduct consisting of the
disregard of urgent supervisory responsibilities.
Here, the seriousness of the Claimant's delinquency
lies in the fact that her unauthorized absence, not for
fifteen minutes as in *Florig,* but for one and one-half
hours, was in the course of her critical duty to super-
vise the moving of her department. Such conduct was
clearly, absent excuse, a substantial disregard of the
interests of Claimant's employer and of Claimant's
duties.

Claimant's excuse that her extended absence was
due to slow service at the restaurant was rejected by
the Board which resolved credibility questions against
her. Even if believed, her explanation falls short of
an acceptable excuse. When asked by her supervisor
to explain her delay, she responded, "What was I sup-

posed to do, get up and leave?'' These remarks do not sound like those of a responsible supervisor seeking to justify neglect of special supervisory duties, especially when the record establishes that Claimant had a remedy: to walk back to her place of employment located only three or four blocks from the restaurant.

ORDER

Now, July 22, 1983, the order of the Unemployment Compensation Board of Review, Decision No. B-200271, dated October 15, 1981, is affirmed.