Glenn G. Eckert, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*M. Lawrence Shields, III, Kratzenberg & Shields, P.C.,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Doyle, November 9, 1984:

Glenn G. Eckert (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits which resulted when Claimant failed to appear at the referee's hearing.

Claimant had been receiving unemployment compensation benefits from a previous separation of employment when he accepted a position with Placid Manor Sales, Inc., on August 17, 1982. Claimant was

to have received training from Placid Manor, following which he was to have obtained a license to sell mobile homes and begin to make sales on a commission basis. On September 20, 1982, however, Placid Manor went out of business temporarily and Claimant was not hired back following its reopening.

On October 18, 1982 the Office of Employment Security issued a Notice of Determination denying Claimant unemployment compensation benefits for the four weeks between September 18 and October 9, 1982. This denial was based upon a finding that Claimant was self-employed and therefore ineligible for benefits under Section 402(h) of the Unemployment Compensation Law (Law).[1] Claimant immediately appealed from this determination and a notice was sent to him on October 27, 1982 scheduling a hearing before a referee for November 10, 1982. Neither Claimant nor his employer appeared at the hearing, and the referee, having received no request for a continuance, closed the hearing and dismissed the appeal.

A petition for a further appeal was received by the Board on November 22, 1982, together with Claimant's written statement explaining that he had failed to appear at the hearing because of an electrical failure at his home. On December 21, 1982, the Board affirmed the decision of the referee, and the appeal to this Court followed.

Claimant's principal argument here is that the Board did not consider whether Claimant's failure to appear before the referee was due to "proper cause",[2] and that consequently he was denied a "reasonable

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(h).

[2] 34 Pa. Code §101.51. This section provides, in pertinent part: "If any party duly notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, the hearing may be held in his absence."

opportunity for a fair hearing" as is provided for under Section 502 of the Law.[3]

We agree with Claimant's contention and find, in addition, that the referee failed to make the findings of fact required by Section 502 of the Law. *See Gadsden v. Unemployment Compensation Board of Review,* 84 Pa. Commonwealth Ct. 375, 479 A.2d 74 (1984). Findings of fact are specifically required to be set forth in the referee's decision under 34 Pa. Code §101.-88 as well.[4]

Respondent argues to the contrary, citing *Walsh v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 155, 329 A.2d 523 (1974) for the proposition that Claimant has failed to exhaust his administrative remedies under 34 Pa. Code §101.111, which allows a party to request reconsideration within fifteen days of the Board's decision. This contention is without merit. Section 101.111 provides a means for obtaining relief from the Board in cases of asserted inadequacy of the record. *See Walsh; Kustafik v. Unemployment Compensation Board of Review,* 75 Pa.

---

[3] 43 P.S. §822.

[4] Section 101.88 of the Code, provides in pertinent part:
The tribunal shall affirm, modify or reverse the decision of the Department as shall appear just and proper from the evidence submitted. The decision shall be rendered promptly after the conclusion of the hearing and shall set forth the following:

(1) The names and addresses of parties involved, appeal number, and claimant's social security number.

(2) A history of the case, including the date of application for benefits, claim week ending dates, date of appeal, and identity of appellant.

(3) The date and nature of the determination (decision) being appealed.

(4) All findings of fact.

(5) Reasons for the decision.

(6) All conclusions of law.

(7) The order.

Commonwealth Ct. 622, 462 A.2d 947 (1983). The Board is permitted, upon request, to grant a claimant the opportunity to:

(1) Offer additional evidence at another hearing.

(2) Submit written or oral argument.

(3) Request the Board to reconsider the previously established record of evidence.

34 Pa. Code §101.111(a). Recourse to this section was not required in this case since Claimant's reasons for his failure to appear at the referee's hearing were already in evidence at the time the Board rendered its decision. Claimant submitted with his appeal to the Board a written explanation for his absence from the referee's hearing.

A finding of self-employment must be based on substantial evidence and this Court will not infer undeclared findings by the Board. *Vuknic v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 512, 405 A.2d 1030 (1979). The referee at no point indicated on what facts in the record she based her conclusion that Petitioner was self-employed but merely dismissed the Claimant's appeal because of Claimant's failure to attend.

For the reasons stated above we reverse and remand the record to the Board for a decision on whether or not Claimant's failure to appear at the referee's hearing was due to proper cause. If it is found that Claimant's failure to appear was due to proper cause, the Board should then conduct a hearing on the merits, allowing Petitioner to appear and present any evidence he may have negating his self-employment. If it is found that Claimant's failure to appear was without proper cause, a decision on the merits should be made based on the record as it is presently constituted.

## ORDER

Now, November 9, 1984, the order of the Unemployment Compensation Board of Review, No. B-212874, dated December 21, 1982, is reversed and the matter remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.