**MaryRuth SMITH, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 6, 1997.

Decided Jan. 14, 1998.

Jane N. Bolin, State College, for petitioner.

Norina K.S. Stone, Asst. Counsel, Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before COLINS, President Judge, McGINLEY (P.), J., and RODGERS, Senior Judge.

McGINLEY, Judge.

MaryRuth Smith (Claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) which reversed an order of the referee who found Claimant eligible for benefits. We affirm the decision of the Board.

Claimant was employed by the Pastoral Care Department (Department) of the Mercy Regional Health System (Employer) as a Protestant minister. Employer is a Catholic institution, but the Department's services are ecumenical in nature.

Claimant contends that in July of 1995, she was confronted by a Catholic staff-member with a discriminatory and hostile attitude. Claimant maintained the encounter diminished her ability to function as a chaplain. She reported the problem to her supervisor. Alternative positions offered to Claimant were later rescinded by the Employer. Claimant alleges this hostility and the Employer's inability to remedy the situation made the workplace unbearable. Claimant resigned on March 8, 1996.

The parties agree that Claimant is an ordained Presbyterian minister and that she

was hired by Employer as a chaplain to minister to the spiritual needs of Employer's patients and that her job duties fell within one of the many areas of ministry recognized by the Presbyterian Church.

The referee determined that Claimant was employed as a full-time Protestant chaplain, that she established a necessitous and compelling reason for her voluntary termination and awarded benefits. Referee's Amended Decision, May 13, 1996, Findings of Facts, Nos. 1–3, 25. Reproduced Record (R.R.) at 4.

On appeal by the Employer, the Board remanded for further testimony regarding Claimant's eligibility for benefits as a member of the clergy.

On August 14, 1996, the referee took additional evidence at the remanded hearing. Employer raised the issue that Claimant was ineligible for benefits because she was hired as a chaplain.[1] Claimant admitted that she was hired as a Protestant chaplain to perform services in the exercise of her ministry. Notes of Testimony, August 14, 1996, N.T. at 13–18; Original Record at Exhibit No. 14.

The referee re-submitted her decision of May 13, 1996, and the notes of testimony from August 14, 1996 to the Board.

The Board reversed, ruling that Claimant was performing duties in the exercise of her ministry and therefore, not eligible for benefits pursuant to Section 4(1)(4)(8) of the Unemployment Compensation Law (Law).[2]

Claimant contends that because she was not hired by a religious organization the Board erred when it disallowed benefits to an ordained minister performing duties in the exercise of her ministry.[3] We disagree.

The issue for our review is whether the Board erred when it concluded that Claimant was disqualified from receiving benefits under the provisions of Sections 401(a), 1102 and 4($l$)(4)(8) of the Law.[4]

Section ($l$)(4)(8) of the Law states, "[T]he word 'employment' shall not include ... for the purposes of article X, XI, XII ... service performed (b) by a duly ordained, commissioned, or licensed minister of a church in the exercise of his ministry or by a member of a religious order in the exercise of duties required by such order." 43 P.S. § 753($l$)(4)(8)(b).

The Board did not consider the necessitious and compelling reasons for Claimant's resignation because they determined there was no 'employment' pursuant to Section ($l$)(4)(8) of the Law, 43 P.S. § 753($l$)(4)(8).

Although the Board noted that Claimant enjoyed a significant amount of autonomy from the Presbyterian Church regarding the pursuit of her ministry, the Board also observed that Claimant's duties included attending to the spiritual needs of the patients and their families according to her tradition. Board's Decision and Order, October 4, 1996, Findings of Fact (F.F.), Nos. 7, 8 at 1; R.R. at 7.

Section 504 of the Law, 43 P.S. § 824, provides that the Board may reverse the determination of a referee without taking any new evidence. *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 501 A.2d 1383 (1985). As the ultimate factfinder, the Board is not bound by the determinations of the referee. *Unemployment Compensation Board of Review v. Wright*, 21 Pa.Cmwlth. 637, 347 A.2d 328 (1975). Here, the Board did not disagree with the factual findings of the referee, but determined that Claimant was not eligible for benefits because she was a duly ordained minister em-

1. Claimant did not object to this presentation.

2. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751—914.

3. Claimant further contends that because unemployment taxes were withheld by the payroll department, Employer is precluded from claiming that she is ineligible for benefits. We consider this an accounting error and not dispositive of her eligibility.

4. Our review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. *Hercules, Inc. v. Unemployment Compensation Board of Review*, 146 Pa. Cmwlth. 77, 604 A.2d 1159 (1992); 2 Pa.C.S. § 704.

ployed in the exercise of her duties as minister.

No rights of Claimant were violated, no error of law was committed, and the Board's findings are supported by substantial evidence.

Accordingly, we affirm the order of the Board.

### ORDER

AND NOW, this 14th day of January, 1998, the order of the Unemployment Compensation Board of Review, in the above-captioned matter, is affirmed.

RODGERS, Senior Judge, dissents.